## Powell *versus* Whitaker.

A ground landlord has a lien for arrears of ground-rent, and where damages are awarded for the opening of a street through the ground, and there are arrears of rent, the lien of the ground landlord is entitled to priority over that of a judgment-creditor in a claim for said damages.

January 23d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON WOODWARD, TRUNKEY and STERRETT, JJ.

[Powell *v.* Whitaker.]

Error to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of January Term 1878, No. 271.

This was an amicable action of assumpsit wherein Robert Hare Powell and John C. Bradley, trading as Robert Hare Powell & Co., assignees of Thomas G. Cooke, were plaintiffs, and Robert Whitaker in his own behalf, and Robert Whitaker, administrator of the estate of Edward C. Cooke, deceased, were defendants.

A case was stated for the opinion of the court in substance as follows :

On the 20th of November 1874, Thomas G. Cooke was seised in fee-simple, and in possession of a lot of ground situate at the southeast corner of York and Thompson streets, in the Nineteenth ward of the city of Philadelphia, under and subject to a yearly ground rent of $1200 per annum, issuing out of and reserved thereon, and owned by Robert Whitaker in fee-simple.

On the 20th of November 1874, there was duly approved an ordinance of the Select and Common Councils of the city of Philadelphia as follows :

" That the chief commissioner of highways be, and hereby is, authorized and directed to notify the owners of property over and through which Loyal street, from Dauphin to York street, in the Nineteenth ward, will pass; that at the expiration of three months from the date of said notice said street will be required for public use. Provided, the owners of property in the vicinity of said street first file a satisfactory bond with the city solicitor, indemnifying the city against any greater amount of damages than $1000, and thereupon the said ordinance should become a law."

The chief commissioner of highways, on the 25th of November 1874, notified the said Thomas G. Cooke that at the expiration of three months the said Loyal street, as the same would extend over and through the lot above described, would be required for public use.

" On the 19th of April 1875, the owners of real estate in the vicinity of the said Loyal street filed a bond, duly executed according to law, conditioned for the payment of all damages which might be awarded by reason of the opening of the said street, in excess of $1000.

" The said Thomas G. Cooke, whilst still seised of the said lot in fee-simple, and in possession thereof, did on the 13th of April 1875, assign and transfer to Robert Hare Powell & Company, to whom he was largely indebted, and in consideration of his indebtedness, all his right, title and interest, claim and demand to and in any and all damages due him for and on account of the opening of Loyal street, as aforesaid, through his property aforesaid, and of the taking of the said property for public use, and of this assignment Edward C. Cooke then had notice.

" Proceedings were then pending before a jury for the ascertainment and assessment of the measure in money of the said damages;

the said parties prosecuted their claim before the said jury; and thereafter the matter was so proceeded in, that a second jury was appointed in the premises, which jury, in 1876, duly made report of the measure of damages, and their report has been confirmed finally by the Court of Quarter Sessions. The sum of $450, as damages thus awarded, now remains on deposit to be received by that party hereto in whose favor the judgment of the court may be.

" Prior to the reporting of said second named jury, the said Thomas G. Cooke, by deed delivered on the 13th day of August 1875, granted and conveyed the lot of ground, above described, to Edward C. Cooke, his son, in fee-simple.

" On the 13th of November 1875, the said Robert Hare Powell & Company, Robert Whitaker, and Edward C. Cooke agreed as follows : Whereas, the damages to be awarded for the opening of the said street are claimed to belong to Robert Whitaker, Robert Hare Powell & Company, and Edward C. Cooke, respectively, it is hereby agreed that the said parties shall unite in the proceedings for the immediate ascertainment and recovery of the said damages, and when ascertained and recovered the same shall be distributed as said parties may hereafter agree, or in default of agreement, as may be determined by due legal proceedings, the rights of each of said parties to be determined, as they are now are aided, by such legal proceedings as they respectively may now be entitled to take to protect or aid said rights, with like effect as if such proceedings, as might at this time be taken, had now been duly taken ; it being hereby agreed that the parties hereto shall be in no manner prejudiced in their said rights by this agreement.

" Thereafter the said Edward C. Cooke died, and letters of administration of his estate were granted to the said Robert Whitaker.

" Robert Whitaker, September 18th 1875, brought an action of covenant against Frederick Ladner and Thomas G. Cooke, in the Court of Common Pleas, for Philadelphia county, No. 2, to September Term 1875, No. 408, to recover the arrears of said ground-rent then due from February 1st 1872, to August 1st 1875, inclusive, with interest; and on the 19th of October 1875, recovered judgment therein for $4633.30 against the said defendants; and the said premises were sold by the sheriff upon execution on said judgment, on the first Monday of December 1875, to the said Robert Whitaker, for $1000, whereof he received $626.03 on his said judgment.

" The said Robert Hare Powell & Company claim that, as assignees as aforesaid of the said Thomas G. Cooke, they are entitled to the moneys paid in satisfaction of the damages sustained by reason of the opening of the said Loyal street.

" The said Robert Whitaker claims that he is personally entitled

[Powell *v.* Whitaker.]

to the moneys allowed; or that, should this not be so, the said moneys accrue to the estate of the said Edward C. Cooke, deceased, and should be paid to him, the said Robert Whitaker, as administrator thereof.

"It is agreed that the record of the Court of Quarter Sessions of the proceedings for the ascertainment of the damages aforesaid, and the other records and papers herein referred to, may be used as evidence on the argument.

"If the court should be of the opinion that the said Robert Hare Powell & Company are entitled to the moneys in question, then judgment is to be entered for the plaintiffs for $450, otherwise judgment is to be entered for the defendant."

The court below (Ludlow, P. J.), in an opinion, said:

"As the ground-landlord by his deed had a right of re-entry, he also had a lien for the arrears of rent due at the time the proceedings were had in this case: Bantleon *v.* Smith, 2 Binn. 146; Pancoast's Appeal, 8 W. & S. 381; Dougherty's Estate, 9 Id. 189; Ter Hoven *v.* Kerns, 2 Barr 96; Mather *v.* McMichael, 1 H. 301. And as a ground-rent is not apportioned by taking a part of the lot out of which it is reserved for a public highway (Workman et al. *v.* Mifflin, 6 C. 362), the landlord would be defenceless, if he could not in some way be protected by the courts. The method in which this may be done is clearly pointed out in the case last above cited. Says STRONG, J., 'The owner is a trustee for the lien-holders, and the courts will protect his rights.'

"As road damages are to be applied to the discharge of liens upon land occupied by the road (Reese *v.* Addams, 16 S. & R. 40), and as these arrears of rent are largely in excess of the damages awarded, we are of the opinion that the landlord having priority of lien, is entitled to them.

"Nothing need be said of the claim of the administrator, for the above opinion, by giving the landlord his rent, disposes of the case.

"Judgment for defendant."

The plaintiffs took this writ, alleging that the court erred in entering judgment for the defendant, in the case stated, Robert Whitaker, and in not entering judgment for the plaintiffs.

*Henry Reed* and *William W. Wiltbank,* for plaintiffs in error.— The owner of the property was deprived of nothing but the right of way, and the damages therefor were personal property: Chambers *v.* Furry, 1 Yeates 167; Lewis *v.* Jones, 1 Barr 336. And they became personal property the moment the conversion was worked which a taking of land involves: City *v.* Dyer, 5 Wright 470; City *v.* Dickson, 2 Id. 247; Ex parte Hawkins, 13 Sim. 569; 1 Lead. Cas. Eq. 841, 842; Cadman *v.* Cadman, L. R. 13 Eq. 470. Now the date of the taking was the date of the ordinance,

[Powell v. Whitaker.]

November 20th 1874.  Cook's right to damages then became a
personal right, and this personal right he assigned to Powell & Co.,
on the 13th of April 1875.

Of the two judgment-creditors, we contend Powell & Co. should
have the preference.

The basis of the opinion of the court below is the doctrine that
the ground landlord had a lien upon the damages awarded for the
arrears of the rent.   But such a claim could only be considered by
the light of principles of equity, and could only be administered
through equitable forms.   It would be inequitable to allow Whit-
aker to prevail here, for two reasons:

1. Because there would thus be thrown upon a fund representing
the right of way over a small part of the entire lot the burden of
the arrears of rent due for the entire property.

2. Because even by the view of the court below, Whittaker has
two remedies, one by distress and impounding, and the other by
an action on the personal covenant of the tenant; whilst Powell &
Co. have but one, and they are deprived of the fruits of that one if
Whitaker is allowed to prevail here, although Whitaker himself has
still his action if this judgment is against him.

*George L. Crawford,* for defendant in error.—The ground-rent
deed, the arrears whereof were the subject of the judgment of Rob-
ert Whittaker against Ladner and Cooke, is in the usual form with
the clauses for right of re-entry and distress on default of payment,
and the arrears are a lien without judgment: Bantleon v. Smith, 2
Binn. 146; Pancoast's Appeal, 8 W. & S. 381; Dougherty's Es-
tate, 9 Id. 189; Ter Hoven v. Kerns, 2 Barr 96; Mather v. Mc-
Michael, 1 Harris 301.

The damages for the opening of streets, sustained by the owner
of land, is in Pennsylvania, in equity, appropriable to the liens on
the land at the time of the assessment, and in case of accruing ar-
rears of ground-rent, sufficient of the damages may, in equity, be
impounded to meet the arrears; though in this case the existing
arrears of rent, at the time of the assessment of damages largely ex-
ceeded the whole fund: Noble street, 1 Ash. 276; Cresson's Es-
tate, 4 P. L. J. 468; Workman v. Mifflin, 6 Casey 371; City v.
Dyer, 5 Wright 463; Makinson's Estate, 8 Phila. R. 381;
Voeghtly v. Pittsburgh Railroad Co., 2 Grant 243; Williams v.
Railroad Co., 22 Leg. Int. 29.

The judgment of the Supreme Court was entered, February 17th
1879,

PER CURIAM.—We affirm this judgment on the opinion of Pres-
ident Judge Ludlow in the court below.

Judgment affirmed.