# Woods Run Avenue.

*Road law—Damages—Right of mortgagee—Assignment of award.*

1. An owner of land at a time the land is taken for public use is the
person entitled to the damages awarded for such taking; but where
the land is subject to the lien of a mortgage, the court having juris-
diction of the subject will guard the rights of the lien creditors.

2. While the award is in the name of the owner, however, he be-
comes a trustee for the mortgage creditor, and until there has been an
actual payment of the damages assessed to the owner, by the munici-
pality, the mortgage creditor has standing to intervene and claim the
fund to the extent necessary to satisfy his lien; and he may maintain
this right against an assignee of the award although the latter paid a
valuable consideration for the assignment, and took it without actual
knowledge of the mortgage.

Argued April 15, 1910. Appeal, No. 63, April T.,
1910, by John Kelso, from order of C. P. No. 3, Alle-
gheny Co., Feb. T., 1907, No. 599, making absolute rule
to pay over an award In re Petition of the City of Alle-

gheny for the appointment of viewers in the matter of
the widening and damage by grade of Woods Run Avenue
from Perrysville Avenue to Brighton Road. Before
RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and
PORTER, JJ. Affirmed.

Rule to pay over the amount of an award to a mortgage
creditor.

From the record it appeared that on January 4, 1907,
the German National Building & Loan Association of
Pittsburg conveyed by general warranty deed certain
land situate in the city of Allegheny to S. H. Cohen, and
as part of the consideration Cohen executed to the build-
ing and loan association a mortgage upon the said prem-
ises for $2,000. Shortly after the execution of this deed
and mortgage, the city of Allegheny improved Woods
Run avenue by widening the same and changing the
grade. Viewers were appointed to assess the benefits
and award damages to the abutting property as a result
of the improvement of Woods Run avenue, and on
April 11, 1908, the viewers' report was filed and confirmed
nisi. S. H. Cohen was awarded the sum of $1,299 for
damages sustained to the property conveyed to him by
the deed, and subject to the mortgage above mentioned.
On January 3, 1908, while the viewers had under con-
sideration the question of damages to this property,
Cohen executed to E. E. Fulmer a deed of assignment of
all his right, title and interest to the damages awarded
to him by the board of viewers appointed by the court
of common pleas No. 3 of Allegheny county upon the
widening and damage by grade of Woods Run avenue.
The mortgage of Cohen to the German National Build-
ing & Loan Association was assigned to the Bankers'
Trust Company of Pittsburg, and on January 23, 1909,
the Bankers' Trust Company presented its petition pray-
ing that the report of the board of viewers, awarding
damages to S. H. Cohen, be amended by striking out
the name of S. H. Cohen and inserting in its stead the

name of the Bankers' Trust Company, and that the $1,299 be paid and distributed to the Bankers' Trust Company. A rule to show cause was granted on the petitions.

*Error assigned* was order making absolute the rule.

*E. E. Fulmer*, for appellant.—An award of damages against a municipal corporation and in favor of the owner of the fee is not affected by any lien on the property in such way as to put the municipality bound by such award on notice as to the lien, and unless the holder of the lien presents his claim before the award is confirmed and the money paid by the municipality, or the award transferred and the money received by the owner of the fee, the holder of the lien has no equity. The right of the holder of the lien to receive his money out of such award is purely equitable and his claim must be presented in time: Reese v. Addams, 16 S. & R. 40; Road in Upper Dublin & Whitemarsh Twps., 94 Pa. 126; Powell v. Whitaker, 88 Pa. 445; Knoll v. Ry. Co., 121 Pa. 467; Jackson v. Pittsburg, 36 Pa. Superior Ct. 274; Dollar Savings Bank v. Pittsburg, 25 Pittsburg Leg. Journal, 185; Hamburger's App., 2 Walker, 320; Mott v. Clark, 9 Pa. 399; Downey v. Tharp, 63 Pa. 322; Blair v. Mathiott, 46 Pa. 262; Taylor v. Gitt, 10 Pa. 428; Mifflin County Nat. Bank's App., 98 Pa. 150.

*Thomas F. Garrahan*, with him *Langfitt & McIntosh*, for appellee.—Damages awarded to a mortgagor for land taken for a right of way, or other public improvement, become a substitute for the premises taken, and the mortgage is a specific lien upon the fund: Reese v. Addams, 16 S. & R. 40; Workman v. Mifflin, 30 Pa. 362; Phila. v. Dyer, 41 Pa. 463; Keller's App., 29 P. L. J. 316; Knoll v. Ry. Co., 121 Pa. 467.

OPINION BY HENDERSON, J., July 20, 1910:

It is a well-recognized rule that the owner of land at the

time it is taken for public use is the person entitled to the damages awarded for such taking, and it is equally well settled that where the land is subject to the lien of a mortgage the court having jurisdiction of the subject will guard the rights of the lien creditor.  This is on the theory that the land is converted into money to the extent to which damages are allowed.  The damages become a substitute for the thing taken and the mortgage is a charge against the fund.  While the award is in the name of the owner, however, he becomes a trustee for the mortgage creditor and until there has been an actual payment of the damages assessed to the owner by the municipality the mortgage creditor has standing to intervene and claim the fund to the extent necessary to satisfy his lien.  It would be manifestly unjust to deprive the creditor of a portion of his security and thereby perhaps take from him a part of his property without according him the reimbursement which he would have through the receipt of the damages allowed for the land.  The principle is asserted in Reese v. Addams, 16 S. & R. 40; Workman v. Mifflin, 30 Pa. 362; Philadelphia v. Dyer, 41 Pa. 463; Powell v. Whitaker, 88 Pa. 445.  The appellant contends that he is not subject to the operation of this rule, however, because he took an assignment of the Cohen award for a valuable consideration by reason of which he is an innocent purchaser and took the assignment free from any equity of the mortgagee of which he was ignorant.  But we do not think the doctrine applicable to the case of an innocent purchaser of a judgment or mortgage applies in this case.  The proceeding under which the damages were assessed was still pending in the court of common pleas of Allegheny county.  The report of viewers was not finally confirmed until June 2, 1908, while the assignments from Cohen to Fulmer and from the latter to Kelso were made March 9, 1908.  The money has not been paid by the city, and under all of the authorities the application of the appellee was in time.  The claim set up by the Bankers' Trust Company, receiver of the building

and loan association, is in no sense a secret equity. Its mortgage was of record. The proceeding to improve the highway was also a matter of record as was the report of the viewers awarding damages to the Cohen property. The appellee is presumed to have known that the mortgage creditor had a claim against the damages allowed, and he was therefore in possession of all of the facts of which the receiver had knowledge. The case is not distinguishable in principle from Powell v. Whitaker, supra. The report of that case does not show to whom the second jury of view awarded the damages. Nor do we consider it material that the award is in the name of the owner while the right to the fund exists in the mortgagee. The important matter is that the mortgagee claims the fund before it is paid and the law declares that under such circumstances the amount of the assessment is applicable to the mortgage lien to the extent necessary to satisfy it. What protection the appellant might have had if he had proceeded before the sale of the property on the mortgage we need not now consider. The only question before us is as to the rights of the holder of the mortgage and the holder of the claim for damages assigned by Cohen. On that question the rights of the mortgagee are superior and the case was well decided in the court below.

The judgment is affirmed.