## Sarapin v. City of Philadelphia.

*Sacks & Piwosky* and *Horenstein, Feldman & Harvey*, for petitioners. *James R. Wilson*, contra.

KUN, J., October 13, 1931.—In this case, through condemnation proceedings in connection with the construction of a bridge over Green Lane, a change of grade resulted in damage to the property of the plaintiff. An award was made by the board of viewers, which was later confirmed by the court, in the sum of $6086. The City of Philadelphia paid the money into court, subject to its direction. Thereupon petitions were filed by the Pilot Shoe Company, Kelly Schonfeld Shoe Company, Endicott Johnson Corporation and the Acme Shoe Company, praying that the sum be turned over to them as assignees of Joseph Sarapin, plaintiff, record owner of the premises.

Petitions were also filed by the Philadelphia Company for Guaranteeing Mortgages, Penn State Building and Loan Association and Samuel Green, trustee, who were respectively holders of first, second and third mortgages upon the said premises, praying that the fund be turned over to them. The court awarded the sum to the Philadelphia Company for Guaranteeing Mortgages as first mortgagee, to be used in reduction of its mortgage of $10,000, and to the payment of taxes and other prior charges. Thereupon the Pilot Shoe Company, Kelly Schonfeld Shoe Company, Endicott Johnson Corporation and the Acme Shoe Company filed a petition praying that, the said first mortgage of $10,000 having been reduced by approximately the sum of $6000, said petitioners be subrogated to the rights of the said first mortgagee to the extent of the amount of the repayment of its mortgage. To this petition an answer was filed, denying certain averments therein, but substantially raising the question of law as to whether or not they were entitled to such subrogation.

It appears that the second and third mortgages were executed after the work of changing of the grade was begun, and sometime thereafter the owner made the assignment to the petitioners as creditors. There is, in the opinion of the court, no basis for the request of petitioners to be subrogated to the rights of the first mortgagee and to be put in the position of first lienholders ahead of the second and third mortgagees, when, as a matter of fact, the only position of the petitioners is that they are assignees of the common debtor by assignment made after the second and third liens were created. Indeed, had the assignment been made prior thereto, the petitioners could not be allowed what they are seeking. The doctrine of subrogation is invoked in favor of one who has been compelled to pay a debt which ought to have been paid by another, and one so paying it is entitled to exercise all the remedies which the creditor possessed against that other and to indemnify himself from the fund out of which should have been made the payment which he made. The petitioners did not make the payment to the first mortgagee in this case. Payment was in effect made by the owner from the moneys due him by the City of Philadelphia as damages awarded him in the condemnation proceedings, a payment he was obliged to make because, while the award was in his name, he became trustee for the mortgage creditors, who are held to be entitled to such a fund: Woods Run Avenue, 43 Pa. Superior Ct. 475.

The payment on account of the first mortgage debt can in no way affect the position of the second and third mortgagees, any more than had the owner paid off the first mortgage entirely could any assignees of the owner have been given the position of lienors ahead of the second and third mortgagees. The petitioners can have no greater right than their assignor, and a debtor can never have priority over a creditor. Moreover, there can be no right of subrogation in one whose duty it is to pay or in one claiming under him. In such case, payment is extinguishment: Royal Arcanum v. Cornelius, 198 Pa. 46. When the payment on account of the first mortgage was made by funds due the owner, it was to that extent extinguished. Whether or not that increased the value of the security of the second and third mortgages is entirely immaterial. Their positions cannot be affected by any such process as the petitioners claim.

The petition of Pilot Shoe Company, Kelly Schonfeld Shoe Company, Endicott Johnson Corporation and Acme Shoe Company for subrogation is dismissed.