# Dollar Savings Fund & Trust Company, Appellant, v. Bellevue Borough.

*Mortgage—Purchase of mortgage—Assignment—Rights of assignee.*

1. Where a person uses his own money to purchase a mortgage he may take title to it in his own name, or in the name of any one to whom he chooses to have it assigned, and either he or his assignee is entitled to whatever security the mortgage gives.

*Mortgage—Depreciation in value—Land damages—Eminent domain.*

2. Where real estate is depreciated in value by reason of the grading and widening of a street of a borough, and the owner of the property is awarded damages for the injury, but before the award is paid the property is sold in foreclosure proceedings, and owing to the injury brings only a fractional part of the mortgage debt, the owner of the mortgage may follow the fund to the extent of making good his loss by the depreciation caused by the injury.

3. In such a case, the fact that the owner of the mortgage was interested in a dual capacity, owing to an agreement with the borough to indemnify it against all damages in excess of a stated amount, does not avail to defeat a recovery on the mortgage, the mortgagor not being a party to such agreement and having no interest in it.

Submitted Oct. 28, 1910. Appeal, No. 171, Oct. T., 1910, by Dollar Savings Fund & Trust Company, Administrator c. t. a. of T. Lee Clark, deceased, from order of C. P. No. 4, Allegheny Co., First Term, 1908, No. 596, dismissing exceptions to auditor's report in case of Dollar Savings Fund & Trust Company, Administrator, etc., et al. v. Borough of Bellevue. Before Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Exceptions to the report of George E. Alter, Esq., auditor. Before Carnahan, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*A. H. Trimble,* of *Trimble & Chalfant,* for appellant.

*Noah W. Shafer*, for James E. Harman, claimant, appellee.

OPINION BY MR. JUSTICE ELKIN, January 3, 1911:

In a proceeding to assess damages for injuries resulting to an abutting property owner by reason of the grading, curbing and widening of a certain street in the defendant borough the estate of T. Lee Clark on appeal was awarded $4,250. The verdict fixed the amount of the damages and the liability of the borough. It is not therefore interested in what distribution shall be made of the fund in controversy here. Its liability is the same, no matter to what claimants the fund may be awarded. The questions raised by this appeal grow out of claims made by the estate of Clark on one side and the mortgage creditor on the other. The Clark estate as owner of the property injured at the time of the grading and widening of the street claims the entire fund while the mortgagee claims enough of the fund to liquidate the unpaid balance of his mortgage. At the time of the street improvement the injured property was heavily mortgaged but not to its full value. After the street improvement the property was so depreciated in value that on a foreclosure sale only a fractional part of the mortgage debt was realized. The mortgagee having failed to realize the amount of his mortgage out of the proceeds of the foreclosure sale after the grading and widening of the street, presented a petition in the court below asking for leave to intervene as a party to the proceeding to assess the damages of the abutting property owner in order that he might participate in the damages awarded to the extent of the unpaid balance of his morgtage. The court granted a rule to show cause why as mortgagee he should not receive out of the damages that might be awarded so much thereof as he may be entitled to in order to liquidate his claim under the mortgage. To this rule appellant made answer denying the right of the holder or owner of the mortgage to participate in any damages that might be

awarded, to which answer a replication was filed by mortgagee. After the original petition was filed and while the rule to show cause was pending the case on appeal from the assessment of damages by the viewers came on for trial and a verdict was returned for the amount hereinbefore indicated. At this juncture an auditor was appointed to pass upon the questions raised on the rule to show cause, which had not been disposed of, and to make distribution of the amount of damages fixed by the verdict of the jury. A large amount of testimony was taken in support of the respective contentions of the parties with the result that the auditor found both the facts and law in favor of the mortgage creditor to whom was awarded the unpaid balance of the mortgage debt. A statement of these details has been deemed essential to a proper understanding of the nature of the controversy and to a judicial determination of the legal rights of the interested parties. At the hearing before the auditor appellant attempted to prove a collusive understanding in the nature of a fraud between Harmon, the assignee of the mortgagee, and Hallett, the alleged real owner thereof. This no doubt for the purpose of raising an estoppel in order to prevent a recovery on the mortgage by either party on the ground that one cannot take advantage of his own wrong. The auditor found as a fact that the acts complained of did not amount to fraud and that Hallett had acted within his legal rights. While the mortgage was assigned to Harmon, the money to purchase it was furnished by Hallett, and the auditor in passing upon the questions involved treated the latter as the real owner, and we think properly so. If, therefore, Hallett cannot recover the balance due on the mortgage neither can Harmon nor any one else. In our view of the case Hallett had a perfect right to purchase the mortgage in his own name or in the name of any one to whom he chose to have it assigned. When he became a purchaser of the mortgage for value he acquired whatever security the mortgage gave. If the real estate bound did

not pay the mortgage debt he could proceed for the balance in a personal action on his bond, or if damages accrued to the owner by reason of the taking of or injury to the mortgaged property, the security of the mortgage being thus depreciated, he could follow the fund so awarded to the extent of making good his loss by the depreciation so occasioned. This is what was done in the present case. It is very earnestly contended that Hallett acted fraudulently because he was interested in a dual relation between the borough on one side and the mortgaged property on the other. This situation grew out of the fact that at the time the street improvement was made, Hallett being a large property owner, and as a consequence being interested in having the street graded, curbed and widened, had entered into an agreement with the borough to indemnify it against all damages assessed to property owners in excess of $500. Under his agreement with the borough he was interested in reducing damages to the minimum while as owner of the mortgage on the property damaged his interests were best served by a large award. It is in this connection that his acts are criticised. In other words, appellant seeks to take advantage of the controversy between Hallett and the borough arising out of his contract to indemnify it against damages in excess of $500 as a defense to his claim on the mortgage. We do not see how this defense can avail to defeat a recovery on the mortgage. The borough does not set up the defense and is not benefited by it. Appellant is not a party to the agreement between Hallett and the borough and is not in position to ask for its enforcement. That agreement stands as it did before the present proceedings were instituted. The borough can at any time before barred by the statute proceed against Hallett to recover the amount due according to the terms of his contract. But such a recovery depends upon the contractual relations between Hallett and the borough to which appellant is not a party and in which he has no interest. The only question in the case now pending is

whether the claim presented by Hallett is a valid one having the right to participate in the fund for distribution. The learned auditor has found it was and we think the evidence was sufficient to sustain the finding.

Assignments of error overruled and decree affirmed. Costs to be paid by appellant.