Opinion by
Henderson, J.,
. The fund for distribution in this case was the amount of a judgment obtained by John P. Willock v. Beaver Valley Railroad Company in an action for damages to a lot owned by the plaintiff in front of which the defendant had built a railroad track, on the street, the effect of which construction was a depreciation in the value of the plaintiff’s property which extended to the middle of the street and was occupied in part by the railroad. The fund was paid into court by. leave of court, and by agreement of the counsel representing all the parties in interest the court appointed an auditor to distribute the same among those legally entitled thereto. The claimants of the fund were W. S. .Creese, J. S. Stauffer and James Brown. The two former were judgment creditors of John P, Willock and the latter claimed by assignment from Willock through W.. S. Willock and Albert H. Jones. The Creese judgment was a lien on: the plaintiff’s property at the time of the construction of the road and remained a lien until the lot .was sold at sheriff’s sale. , All the lien creditors were paid except Creese and Stauffer. The Creese claim is based on the fact that the judgment was a lien on the property and.. *592 that the value of the lot was depreciated to the amount of the verdict recovered against the railroad company, thereby depriving the judgment creditor of the security which he theretofore had. The Stauffer claim is founded on an attachment execution issued on the Stauffer judgment. The validity of the assignment to Brown was attacked- by the two judgment creditors. The record shows that the proceeds of the sheriff’s sale of - the -land were insufficient to pay the Creese judgment and the auditor found that J. P. Willock was insolvent. The authority of the court under its equity powers to direct the payment of the fund into court for the protection of all parties in interest is well established: Knoll v. New York, Etc., Ry. Co., 121 Pa. 467; Philadelphia & Reading R. R. Co. v. Schuylkill Valley R. R. Co., 151 Pa. 569; Jackson v. Pittsburgh, 36 Pa. Superior Ct. 274. This is conceded by the learned counsel of the appellant as applied to cases of the actual taking of land encumbered by liens, but it is argued that a different principle applies where the fund is produced in an action for consequential damages growing-out of the appropriation of a highway on which the -property of an owner abuts. But we think the distinction is immaterial in a case where an additional servitude has been placed on the land of the owner resulting in damage to the latter’s land which damage has been definitely esr tablished by the verdict of a jury and the judgment of the court. Under such circumstances there is a demonstration of an actual diminution in the value of the land and, where the fund produced by the sheriff’s sale is insufficient to pay the lien creditor, specific proof of the loss- to such, creditor. The authorities cited announce a principle broad enough to bring the Creese judgment within its operation. There was. an actual appropriation of land to which the debtor had title although it formed a portion of the street. The occupancy by the railroad, company was of such character as to materially reduce its value and to actually destroy the security *593 of Creese. It would be inequitable, therefore, to permit the debtor to take the fund as against the lien creditor. It is not the case of the debtor bringing an original action against the railroad company to recover damages for the loss of the security as was attempted in Knoll v. Ry. Co., supra. The action here was instituted by the owner of the land and prosecuted in his name and the fund having been brought into court on the petition of the railroad company is subject to the equitable control of the court. The attachment execution-on the Stauffer judgment was issued July 7, 1911, the same day on which the verdict was rendered in the case of Willock v. Railroad Company. This gave the attachment creditor a grip on the fund unless the title of Brown- is good by virtue of the assignments through which he claims. The auditor has found that the assignment of his claim by J. P. Willock was made to defraud creditors, and this finding has been approved by the court. It is supported by persuasive evidence, and it has not been made to appear that the conclusion is unwarranted. The assignment by W. S. Willock to Jones through whom Brown claims applied to a judgment obtained in the case which was afterward reversed and which therefore ceased to have an existence. It was this judgment which Jones transferred to Brown. There is no expression in the paper given by Jones to Brown of an intention to assign anything else than the judgment which had been theretofore obtained. In view of the finding by the auditor and court that the assignment by Willock was fraudulent and void as against creditors of J. P. Willock and the finding of the court that there was sufficient to put the subsequent purchasers of the claim on notice that the original assignment was made to hinder and delay the creditors of J. P. Willock no foundation remains on which the Brown claim can stand and he is not in a situation to contest the awarding of the fund to the judgment creditors. We do not find a sufficient reason for overruling the action of the court below.
*594 The decree is therefore affirmed at the cost of the appellant.