## Shields, Appellant, *v.* City of Pittsburgh.

*Eminent domain—Municipality—Change of grade of city street —Release of damages by former owner.*

Where the owner of a city lot releases the city from all damages which may result from a proposed change of grade of an abutting street, such release precludes the holder of a mortgage lien who subsequently acquires title by virtue of foreclosure proceedings, from recovering damages from the city for injuries alleged to have been sustained by such change of grade.

Argued October 20, 1915. Appeal, No. 231, Oct. T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1913, No. 1166, on directed verdict for defendant in case of J. M. Shields v. City of Pittsburgh. Before MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from report of board of viewers.

The facts appear in the following opinion by DAVIS, J.:

This action is an appeal from the report of the board

of viewers appointed to assess the benefits and damages caused by a change of grade of Wylie avenue in what is known as the "hump district" in the City of Pittsburgh.

Plaintiff is the owner of a lot of ground fronting twenty-two (22′) feet on said avenue, and obtained title thereto at sheriff's sale on December 9, 1911.

On August 28, 1911, J. H. Goehring, the then owner of said lot petitioned the City of Pittsburgh to change the grade of said Wylie avenue to conform to a general improvement grade plan of said "hump district," and in said petition also released and discharged the City of Pittsburgh from all damages to the lot of ground as a consideration or inducement for the city making the proposed improvement and change of grade.

The city acted upon the petition and release of damages of Goehrling in connection with many other releases of similar nature in said district.

An ordinance was duly passed and approved on the 16th day of November, 1911, changing the grade of Wylie avenue in front of the lot in question. Another ordinance was duly passed and approved on the 6th day of January, 1912, authorizing the "hump district" improvement to be made, including the change of the Wylie avenue grade. Work was begun on said improvement May 5, 1912, and completed in July, 1913.

On the trial of the case the court held that the release of damages of the prior owner in title barred plaintiff's right to recover, and directed a verdict for defendant.

It may be conceded, as the record now stands, that the plaintiff had no notice, actual or constructive, of the said petition and release of damages of the prior owner when he obtained title to the land at sheriff's sale, and also that no action would lie to recover damages for any change of grade until work was actually begun on the ground five months after plaintiff had obtained title and possession of the land: Clark v. Philadelphia, 171 Pa.

30; Howley v. Pittsburgh, 204 Pa. 428; Devlin v. Philadelphia, 206 Pa. 518.

At the time the petition and release of damages was given by the prior owner to the city, the plaintiff was the holder by assignment of two mortgages on the said lot, and, subsequently, by foreclosure proceedings thereon, he obtained title to the land at sheriff's sale.

If the improvement ordinance had been passed and the work had begun on the ground floor prior to plaintiff's obtaining title at sheriff's sale, he would have been held to have had constructive notice and would have been bound by a release of damages given in good faith by the then owner: Knoll Admr. v. New York, Chicago & St. Louis Ry. Co., 121 Pa. 467.

The question in this case is, can an owner of land in good faith prior to the passage of an ordinance changing the grade of a street and in advance of the ordinance authorizing the improvement, in consideration of the benefits and advantages to be derived from the improvement, give a release of damages that will, without notice bind a holder of the mortgage lien on the land?

In Pennsylvania, a mortgage is, both in law and in equity, only a security for the payment of money and passes no title to the land. The mortgagor is the owner of the land: Rickert and Another v. Madeira, 1 Rawle 325; Lennig's Est., 52 Pa. 135; Jackson v. Pittsburgh, 36 Pa. Superior Ct. 274.

The owner of real estate has by virtue of his ownership the jus disponendi of his property, including everything upon or beneath the surface that is a part of it: Knoll Admr. v. New York, Chicago & St. Louis Ry. Co., 121 Pa. 467; Angier v. Agnew, 98 Pa. 587.

The owner can only be held in equity as a trustee for lien creditors and restrained from committing waste, or he may be held through an accounting for the values he has taken out of the land, which stands as security for the payment of liens: Reese v. Addams, 16 S. & R. 40; Workman v. Mifflin, 30 Pa. 362.

In the case at bar, no land was taken. The city had only made a change in grade of its existing easement, which might incidentally either benefit or damage the mortgaged property. If the owner stands in the position of a trustee for his lien creditors and makes releases of damages when the work is actually done, he may also, if done in good faith and in consideration of advantages to his property, release such damages in advance, in order to obtain the benefits and advantages from a proposed change or improvement.

The improvement was made under the Act of May 16, 1891, P. L. 75. "All the laws of a state existing at the time a mortgage or other contract is made, which affect the rights of the parties to the contract, enter into and become a part of it and are obligatory upon all courts which assume to give a remedy to such a contract": Jackson v. Pittsburgh, 36 Pa. Superior Ct. 274; Brine v. Hartford Fire Ins. Co., 96 U. S. 627.

Section 1, of the Act of 1891, authorizes the owner and the municipality to agree upon the compensation for the damages or the benefits that may arise out of the proposed municipal improvement.

The ordinance fixing and changing the grade was passed before plaintiff obtained title and the city was proceeding on a valid agreement with the owner, which he had the right to make, and which would bind the lien creditors of the land, unless it could be shown that it was made in fraud of their rights.

It is not contended by the plaintiff that there was any want of good faith on the part of Goehring the then owner and the defendant city in making the release of damages.

The owner therefor, having released any incidental right of damages of the proposed improvement, the plaintiff took only such right, title and interest in the land as the owner himself may have had at the time of the sheriff's sale.

The Act of June 16, 1836, P. L. 755, Section 66, pro-

vides that real estate sold by the sheriff shall be held and enjoyed by the purchaser, his heirs and assigns, as fully and amply, and for such estate and estates, as the defendant had therein.

A judicial sale of real estate passes only the execution debtor's title to the premises, and should that be worthless, the purchaser takes nothing, as the rule of caveat emptor applies: Kaufmann v. Pittsburgh, 248 Pa. 41.

The defendant further urges that the plaintiff had constructive notice of the said release of damages. The question of constructive notice in this case could only be determined as a fact by the jury upon the evidence as the general giving of releases which might put the defendant purchaser on inquiry.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was in directing a verdict for the defendant.

*Lee C. Beatty,* with him *Alan B. Angney,* for appellant.

*H. M. Irons,* with him *Charles A. O'Brien,* for appellee.

PER CURIAM, January 3, 1916:

The judgment is affirmed on the opinion of the learned court below refusing a new trial.