# Irons *v.* Pittsburgh.

*Change of grade—Damages—Ownership of damages—Change of title—Mortgage.*

Where a change of grade of a street affects property covered by mortgages aggregating $5,500, and several years after the actual change of grade is made, but prior to the date when a judgment is entered in favor of the owner for $750, the mortgagee forecloses and purchases the property at sheriff's sale for $706, the mortgagee has no standing to demand that the judgment against the owner shall be marked to his use; and especially is this the case where no such request is made until long after the judgment is entered and no proof is offered as to the actual value of the property.

In such a case if the mortgagee has any equity it must be asserted before the mortgage has been extinguished and his position changed from that of a lien creditor to that of an ordinary creditor of the owner.

Argued May 1, 1916.    Appeal, No. 146, April T., 1916, by Allemannia Fire Ins. Co. of Pittsburgh, from order of

126, (1916).]  Statement of Facts—Assignment of Error.

C. P. Allegheny Co., Jan. T., 1914, No. 2151, discharging rule to mark judgment to use in case of James H. Irons and H. M. Irons, Executors of and Trustees under will of Rachel D. Shannon, deceased, v. City of Pittsburgh. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Rule to mark judgment to use.   Before BROWN, J.

From the record it appeared that on January 4, 1916, The Allemannia Fire Insurance Company presented a petition, upon which a rule was granted on the executors and trustees under the will of Rachel D. Shannon (who died August 19, 1912), to show cause why a verdict entered October 20, 1915, in favor of plaintiffs, should not be marked to petitioner's use.

The insurance company was a holder of two mortgages aggregating $5,500 executed by Rachel D. Shannon— one dated November 12, 1908, the other, December 2, 1909.   By foreclosure proceedings upon the mortgages, at the suit of the company, the property was sold at sheriff's sale and purchased by it March '6, 1914, for $706.51.   Thereafter it received a deed from the sheriff.

In the meantime—between the dates of the mortgages in 1908 and 1909 and the sheriff's sale in March, 1914, the ordinance of the City of Pittsburgh of April 20, 1911, relating to change of grade of the street and alley (upon which the property fronted) was passed and contract for the work let.   The work began June 6, 1911; and thereafter, on its completion, viewers were appointed at No. 417, April Term, 1913, to assess the damages caused by the change of grade.

On November 21, 1913, the viewers filed their report. No damages were awarded the Shannon estate.   From this report the executors and trustees took an appeal, and October 20, 1915, recovered a verdict for $750.

The court discharged the rule.

*Error assigned* was the order of the court.

*Charles Alvin Jones,* with him *Sterrett & Acheson,* for appellant.—The mortgage debt due the Allemannia Fire Insurance Company exceeding the damages assessed for the municipal injury to the mortgaged property, the pro tanto destruction of the property's security value should be treated as working ipso facto an equitable assignment to the mortgagee of the damages assessed in the name of the mortgagor: Patterson's App., 27 P. L. J. 73; Astor v. Miller, 2 Paige (N. Y.) 68; John Street, 19 Wendell (N. Y.) 659; Platt v. Bright, 31 N. J. Eq. 81.

The question of the mortgagee's equitable right to such damages is properly raised by the petition to have the verdict marked to the mortgagee's use: Patterson's App., 27 P. L. J. 73; In re Second Street, 1 Del. Co. 413.

*Robert S. Martin,* for appellees.—No right would lie to recover damages, if any, before the change of grade on Lacock street and Arbuckle alley as affecting the said property until work was actually begun: Clark v. Philadelphia, 171 Pa. 30; Howley v. Pittsburgh, 204 Pa. 428; Devlin v. Philadelphia, 206 Pa. 518.

There were no irregularities in the foreclosure procedure, and appellant took what title the estate of Rachel D. Shannon, deceased, had in the property at that date, and took no more than that title: Kaufmann v. Pittsburgh, 248 Pa. 41; Jackson v. Pittsburgh, 36 Pa. Superior Ct. 274; Pulaski Ave., 33 Pa. Superior Ct. 108.

The transfer to the purchaser at sheriff's sale is made by the judgment and the sale thereon, not by virtue of the mortgage, and the judgment on the mortgage is merged in the title, and it is no longer open to attack: DeHaven v. Landell, 31 Pa. 120; Boyer v. Webber, 22 Pa. Superior Ct. 35; Cooley's App., 1 Grant 401; Sellers v. Montgomery, 2 Dist. 551; Brown v. Simpson, 2 Watts 233; Cummings v. Horter, 15 Pa. Superior Ct. 458; Baum v. Thompkin, 110 Pa. 569; Albright v. Lafayette B. & S. Assn., 102 Pa. 411.

If appellant ever had any right to intervene in the man-

ner in which it now attempts to be made party to this proceeding, it was purely an equitable right, and that right would have to be asserted while it had standing in court, and its equitable claim under the law should have been presented in time: Reese v. Addams, 16 S. & R. 40; Road in Upper Dublin, 94 Pa. 126; Shields v. City of Pittsburgh, 252 Pa. 74; Knoll v. N. Y., Etc., Ry. Co., 121 Pa. 467.

OPINION BY TREXLER, J., July 18, 1916:

The City of Pittsburgh in 1911 changed the grade of certain streets along the property of the estate of Rachel D. Shannon and the viewers appointed to fix the damages in their report filed November, 1913, awarded none to the estate. On appeal, by agreement of the parties, a verdict of $750 in favor of the estate was rendered October, 1915. At the time of the change of grade the Allemannia Fire Insurance Company had two mortgages aggregating $5,500 on the premises of Rachel D. Shannon. Foreclosure proceedings were had and in March, 1914, several years after the actual change of grade was made and prior to the date when the verdict of $750 was rendered, the property was sold at sheriff's sale and bought in by the insurance company for $706.51.

On January 4, 1916, the insurance company presented its petition reciting the facts and asked for a rule on the representatives of Rachel D. Shannon to show cause why the verdict declared October 20, 1915, should not be marked to the use of the insurance company. The court refused the petition. Was this error?

As successor to the title to the premises affected by the change of grade the insurance company has no claim to the damages given. A claim for damages is a personal one and does not pass with the sheriff's deed. This has been decided in a number of cases, the last being Shields v. Pittsburgh, 252 Pa. 74. The position the company takes is that the change of grade occasioned an injury to the mortgaged premises and was pro tanto a destruction

of its security value and that the security being impaired this should be treated as working, ipso facto, an equitable assignment to the mortgagee of the damages assessed in the name of the mortgagor.

We do not see how the insurance company has any standing to enforce its claim. The damages being personal and not passing to the insurance company as purchaser at sheriff's sale remain the property of the Shannon Estate, the owner at the time the actual change of grade was made. When the property was sold at judicial sale, the land pledged for the debt was reduced to possession by the creditor. Its mortgage was' extinguished. After that the relation, if any, existing between the Shannon Estate and the company was merely that of debtor and creditor. It is true that where the courts have obtained control over the damages assessed, distribution will be made on equitable principles: Powell v. Whitaker, 88 Pa. 445; Workman v. Mifflin, 30 Pa. 362. In these cases the courts seem to have regarded the owner as trustee for his lien creditors and a recovery in his name as one to be controlled for their benefit: Knoll v. N. Y., Etc., Railway Co., 121 Pa. 467. At the time of the presentation of the petition the insurance company was no longer a lien creditor. That relation had terminated with the sheriff's sale. If the owner of the mortgaged premises is to be regarded as a trustee in equity he should be held to his accountability at a time when the relation of owner and lien creditor exists.

As was said by the learned judge of the court below, "The petition came too late. It was filed long after the title by foreclosure proceedings had vested in the company. The company—if it ever had an equitable right to intervene for the protection of its mortgage security— was not vigilant in asserting it; but stood by while the executors and trustees at the expense of the estate, and without certainty of recovery, litigated the dispute; losing before the viewers but winning, upon the appeal. Then for the first time, with a certainty fixed by the ver-

126, (1916).]          Opinion of the Court.

dict, the company proceeded to. demand an assignment thereof." Even though we were to concede for the sake of argument that the petitioner had standing after it ceased to be a lien creditor and that the petition was presented in time, there is nothing in the petition to invoke the equitable powers of the court. The statement in the petition that the value of the mortgaged premises was reduced by the amount of the damages is not sufficient. The fact that the property mortgaged for $5,500 brought $706.51 at sheriff's sale would not be conclusive of its value. There should be some definite allegation showing the actual loss suffered by the company. For all we may know the real value of the property may be such to protect the insurance company for all it has in it. It is the injury to it on which its right to recovery must rest.

The order of court discharging the rule and dismissing the petition is affirmed. Appellant for costs.