## Green, Appellant, et al. *v.* Pittsburgh.

Argued March 28, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Jacob A. Markel,* for appellant.

*Charles A. Waldschmidt,* City Solicitor, and *Benjamin L. Steinberg,* for appellee, were not heard.

PER CURIAM, April 17, 1933:

Oscar Green and Isadore J. Green, brothers, were owners in common of an apartment-house building located on Baum Boulevard near Negley Avenue, together with other property in the City of Pittsburgh. In 1927 they were awarded compensation by viewers for damages to their apartment-house property on Baum Boulevard caused by the widening of that thoroughfare. From this award an appeal was taken by plaintiffs on August 26, 1927, to the Court of Common Pleas of Allegheny County. While the appeal was pending the two brothers, on November 8, 1928, consummated an amicable partition of their property, by which I. J. Green became the owner of the apartment house in question. On December 9, 1930, new counsel for Isadore J. Green presented to the court a motion to change the caption in the case by striking out the name Oscar Green, so as to leave Isadore J. Green as sole plaintiff. The court, by SWEARINGEN, J., granted the motion, without notice to defendant city or to Oscar Green, the coplaintiff, apparently relying upon a stipulation executed by the Green brothers, in which it was recited an amicable partition of property had been entered into, and that I. J. Green was the sole owner of the apartment in question. There-

after the case proceeded to trial, at which plaintiff Isadore J. Green received a verdict in the amount of $6,250. This amount was paid by defendant city, February 14, 1931, and satisfaction entered upon the record. On March 19, 1932, over thirteen months later, Oscar Green presented a petition to the court below praying that a rule be granted to show cause why the order of the court of December 9, 1930, amending the caption of the case should not be vacated and petitioner reinstated as a party plaintiff, and further a rule to show cause why the satisfaction of the verdict of record, in so far as it affects petitioner's right, should not be stricken from the record. Pursuant to an order of the lower court, testimony was then taken as to whether or not petitioner had notice of the application for amendment to the caption, etc., after which argument was had in open court. The court thereupon, in an opinion and order, discharged the rules previously granted and refused the prayer of the petition. Oscar Green now appeals from that order.

The lower court indicated in its opinion that the order amending the caption of the case was "improvidently made," inasmuch as the right to damages for the widening of Baum Boulevard was personal to Oscar Green "and could pass only by assignment, which was not done by the terms of the so-called stipulation." See Kaufmann v. Pittsburgh, 248 Pa. 41, 47, where we said: "It, therefore, may be regarded as settled in this State that damages arising from the location and opening of a street in a city are a claim personal to the owner of the land at the time the injury occurred, and that they do not pass to a subsequent purchaser at a master's sale in partition of the premises." Despite the fact that appellant was not divested of his right to damages by the partition in this case, the lower court, in effect, decided that the testimony indicated appellant had actual notice of the application to amend the caption, notwithstanding his denial thereof, and also determined that, in any event, appellant had no right of action against the

city for the loss, if any, he had incurred. In our opinion this disposition of the case was proper. The City of Pittsburgh was entitled to rely upon the order of court striking appellant's name from the caption and to pay the verdict to the remaining plaintiff. Appellant knew or should have known at the time of the trial the state of the record as regards the appeal taken from the award of the board of viewers. If his rights were prejudiced, which we do not now decide, he must seek reimbursement from those responsible for that occurrence, but cannot oblige the city to respond again in damages.

The order of the lower court is affirmed at appellant's cost.