## Warner's Estate

*Russell J. Brownback,* for accountants.

*Thomas Hallman,* for Peoples National Bank, exceptant.

*High, Dettra & Swartz,* for Mary A. Taubel, exceptant.

HOLLAND, P. J., March 12, 1935.—The final account of Jewell Warner and William A. Shannon, remaining executors, was examined and audited by the court on June 20, 1934, it appearing that due notice of the filing

of the same in his office, and of the time and place of audit by the court, had been given by the register of wills, as required by the act of assembly and the rule of court. . . .

The account was filed on May 5, 1934, showing a balance of personal estate for distribution amounting to $8,975.79, and a balance in real estate account of $1,600 received as damages to real estate by reason of change of grade of DeKalb Street and due by the Borough of Norristown; or a combined balance for distribution of $10,425.79, composed of ten shares preferred and five shares common Valley Forge Hotel stock $705, amount owing by Borough of Norristown as aforesaid $1,600, and cash. . . .

The sum of $1,600 accounted for and shown as the balance for distribution in the real estate account is held by the Montgomery Trust Company as agent for the Borough of Norristown and has never actually come into the hands of the executors. It represents consequential damages to real estate in which the executors were carrying on the decedent's merchandise business under directions contained in his will, occasioned by the change of grade of DeKalb Street, Norristown, as a result of railroad grade crossing elimination. After the accrual of the damage, the Peoples National Bank, mortgagee on the second mortgage, took over the store property as mortgagee in possession, and leased the property on October 30, 1933, to The American Stores Company. Possession was given November 4th. The lease was for $750 per month, and the store company was to provide $1,000 for necessary repairs. The bank continued as mortgagee in possession until, having foreclosed its mortgage, it purchased the property at sheriff's sale February 28, 1934, for taxes and costs. At the time of the accrual of the damage Mary A. Taubel held a first mortgage of $80,000 on the premises, which mortgage is still an existing lien. The executors claim that the funds should be distributed by this court to the general creditors. Mary A. Taubel, as mortgagee of the premises under the first mortgage,

Peoples National Bank of Norristown as mortgagee under the second mortgage, and Jewell Warner and William A. Shannon, legatees under the will, are the other claimants to the fund. Mrs. Taubel has filed exceptions to the account challenging the right of the executors to charge themselves with the fund and challenging the jurisdiction of this court to decide to whom the fund belongs. At the audit the executors waived the question of jurisdiction and agreed that this court may decide the matter. At the audit the exceptant, Mrs. Taubel, agreed that this court shall pass upon the question "If, and only if, it will do so without admitting or holding that the owner of the property has actually received the fund, or if it will do so on the theory that the accountants, if they can be said to 'hold' it, do so as trustees for whomever may be entitled to it," and her similarly qualified submission to the jurisdiction of this court is stated in her brief filed. As jurisdiction cannot be given to any court by agreement of the parties if it does not as a matter of law have jurisdiction, we will first have to decide whether this court has jurisdiction to decide the title to this fund of $1,600.

It is admitted that the fund is not in the actual possession of the accountants but is in the possession of Montgomery Trust Company as agent for the Borough of Norristown, and has not been turned over to the executors because counsel for the executors is also borough solicitor for the Borough of Norristown, and, while he is strongly of the opinion that the executors are entitled to the fund for distribution to the general creditors of the estate he was unwilling to use his official position with the borough to have the fund turned over to them, in view of the fact that the counsel for the mortgagees felt that they might be prejudiced thereby. He stated at the audit that the fund will be paid by the borough to the executors and distribution made by them as this court may direct. It is also admitted, or at least is not denied by the exceptant, that the fund represents consequential damages occasioned to the real estate upon which exceptant

holds a first mortgage of $80,000 resulting from the change of grade as above described; and it is not denied that this change of grade did not reduce the value of the property below the amount of her mortgage. In Fitzgerald's Estate, 49 Montg. 363, after a review of the authorities, we held that the orphans' court has jurisdiction over property which is admittedly not in the possession of the accountant but is in the possession of a third person, a stranger to the estate. Therein we said, at page 367:

"From all these authorities we gather that the proper manner of approach of an Orphans' Court to this problem is for the court first to conduct a preliminary investigation to determine whether there is 'a substantial dispute' concerning the property in question. If the Orphans' Court finds that there are no facts from which a substantial dispute arises then the Orphans' Court assumes jurisdiction, decides the title to the property, and, if found by the court to belong to the estate, it has authority to cause it to be returned to the estate regardless of in whose possession it may be found to be. In such case the Orphans' Court can utilize all process available to it to possess the estate of the property in question and decide the title thereto."

We find no substantial dispute as to the facts in the case before us. As we have recited them they are not denied. And, the accountant being one of the claimants, to the effect that the fund is a part of the estate, it only remains for this court to continue its preliminary investigation, upon application of the law to the facts as they exist, to decide to whom the fund belongs.

Damages to property caused by widening streets are personal to the owner at the time the injury occurred, and do not follow the property when sold or assigned unless so provided: Kaufman v. Pittsburgh, 248 Pa. 41, 47; Green et al. v. Pittsburgh, 311 Pa. 132. The fund in question did not come into existence by an award under the Act of May 4, 1927, P. L. 519, which provides that, where

damages result to a property owner by reason of a change of grade made by a borough, the viewers, before whom an action is proceeded with, must hear testimony as to lienholders and report to the court which shall make an order directing payment first to the lienholders and then to the owners, (1) because that act refers to land condemned and appropriated and not to consequential damages when no land is taken, as in this case, and (2) that act is without application because the damages here occasioned arose from the elimination of a grade crossing and the Public Service Commission had exclusive jurisdiction: Muscato v. City of Erie, 304 Pa. 373. And had no agreement been reached the proceedings for damages would have been had under The Public Service Company Law of July 26, 1913, P. L. 1374, art. v, sec. 12, as amended by the Act of July 17, 1917, P. L. 1025, sec. 1, wherein it is provided that compensation shall be made to owners, and in which there is no provision for compensation to lienholders. Where damages are occasioned by reason of a change of grade, the right to recover is a personal one vested in the owner of a property alone: Knoll v. Railway Co., 121 Pa. 467; Irons v. Pittsburgh, 64 Pa. Superior Ct. 126; Green et al. v. Pittsburgh, 311 Pa. 132. Under proper circumstances, however, the owner may be considered as a trustee of the damages received by him for lienholders. This is achieved by a petition in equity to have such owner declared a trustee or by the money being paid into court at the time when the relationship of owner and lien creditor exists: Irons v. Pittsburgh, supra. Where the lien creditor is a mortgagee out of possession and no land is taken and the damages are consequential only, his right to recover from the landowner is conditioned as follows: (1) If the amount due upon his mortgage is greater than the present value of the property after providing for prior encumbrances, whether or not the value of the property has been diminished is totally immaterial: Knoll v. Railway Co., supra; (2) that actual damage was sustained by the lienholder

occasioned by the condemnor: Irons v. Pittsburgh, supra; (3) if a lienholder, by reason of the foregoing is entitled to recover the damages paid by the condemnor to the owner he must act while the relationship of lienholder and owner still exists. If, without so acting, he forecloses his mortgage and takes title to the land, he loses all right to damages because the mortgage is extinguished and the owner can only be held as trustee during such time as the relationship of owner and lien creditor exists: Irons v. Pittsburgh, supra; Green et al. v. Pittsburgh, supra. By reason of the foreclosure of the second mortgage the relationship of lienholder and owner ceased to exist as regards both mortgages. Neither of the mortgagees moved to have the money paid into court or to have the executors hold it as trustees, and it is only reasonable to assume that they did not do so because they were not prepared to show that the change of grade actually damaged the property and that they were prejudiced thereby. It might have been difficult for them to show such damages, inasmuch as the tenant, the stores company, under its agreement with the Peoples National Bank, as a volunteer, corrected any damage that may have been occasioned, with the result that there seems to have been no diminution in the value of the real estate by reason of the change of grade of DeKalb Street.

Our attention has been directed by counsel for Mrs. Taubel to the cases of Sarapin v. Philadelphia, 306 Pa. 388, Woods Run Avenue, 43 Pa. Superior Ct. 475, and Dollar Savings Fund and Trust Company v. Bellevue Boro., 230 Pa. 240. In the Sarapin case the proceedings were undoubtedly had under the Act of April 14, 1915, P. L. 122, sec. 3, as amended by the Act of June 11, 1915, P. L. 942, sec. 2, which applies to cities of the first class but has otherwise been repealed; and which provides for the payment of damages to lienholders. But there, as distinguished from the present case, the lienholders acted while the relationship of lienholder and owner continued to exist. In the Dollar Savings Fund case the value of

the property was so greatly depreciated after and by reason of the street improvement that the mortgagee filed a petition for leave to intervene as a party to the proceeding to assess the damages of the abutting property owner in order that he might participate in the damages awarded to the extent of the unpaid balance of his mortgage. In the Woods Run Avenue case land was taken for the widening of the street and changing the grade, viewers were appointed to assess the benefits and award damages to the abutting property owners, and the mortgagee presented its petition to have the report of the board of viewers awarding damages amended to include its name so that it might participate in the distribution. The court held that, the money not having yet been paid by the city, the application was in time and that the amount of the assessment was applicable to the mortgage lien to the extent necessary to satisfy it.

Under the facts as they appear and the law as we believe it to be the fund of $1,600 should be added to the general balance for distribution and distributed pro rata to the general creditors whose claims have been admitted or herein allowed, including the claim of Mary A. Taubel on bond of $80,000, on account of said respective claims, and award is so made. . . .