Fidelity-Philadelphia Trust Company, Trustee, Appellant, *v.* Kraus, Executor, et al.

582

Argued January 20, 1937.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Howard H. Rapp,* with him *Morgan, Lewis & Bockius,*
for appellant.

*Gilbert J. Kraus,* of *Kraus & Weyl,* propria persona.

*Joseph H. Lieberman,* with him *O. Charles Brodersen,*
Assistant City Solictors, and *Joseph Sharfsin,* City So-
licitor, for City of Philadelphia, appellee.

OPINION BY MR. JUSTICE LINN, March 22, 1937:
This is a bill to construct a trust for plaintiff's benefit
of a writ of mandamus execution in possession of the de-
fendant, Kraus.

Premises abutting on Market Street, Philadelphia,
were injuriously affected by a change of grade of the
street between 30th and 31st streets begun May 4, 1931.
Title to the property was in Sarah Mayer who assigned
the claim for damages to the executor and trustee of
Kraus (one of the appellees) for whom, it was suggested
in the record, she held title.   On July 25, 1933, Kraus,
executor and trustee, filed his petition in Common Pleas

Number 1 for the assessment of damages. Viewers were appointed and in 1935 awarded $6,350 to petitioner. The city appealed. Petitioner and the city on January 20, 1936, agreed that $6,000 should be paid in satisfaction of the award whereupon the city withdrew its appeal. The award, so reduced to $6,000, was confirmed and constituted a judgment against the city. On this judgment a rule for a writ of mandamus execution issued and on March 23, 1936, was made absolute: see *Schlosberg v. New Castle*, 100 Pa. Superior Ct. 139, and cases there cited. The writ was taken out returnable first Monday of April, 1936, and required the city to pay the judgment; it was presented to the city treasurer for payment but had not been paid when the bill was filed.

At the time the grade was changed the premises were subject to the lien of a mortgage held by plaintiff as trustee to secure certain bonds. No part of the mortgaged property was taken by the city. The owner was in possession. Plaintiff did not intervene in the proceedings for the assessment of damages. On July 21, 1934, before the assessment of damages was completed, plaintiff began foreclosure proceedings on its mortgage and at the sale purchased the premises on a nominal bid, receiving the sheriff's deed on or about September 24, 1934. The sale discharged the lien of the mortgage. The right to the damages resulting from the change of grade did not pass to plaintiff by the sale; the right is personal and does not run with the land: *Kaufmann v. Pittsburgh*, 248 Pa. 41, 46, 93 A. 779; *Shields v. Pittsburgh*, 252 Pa. 74, 97 A. 124.

On April 6, 1936, plaintiff filed this bill in Common Pleas Number 3. The bill asked that Kraus, the city's judgment creditor, be enjoined from pursuing his execution and that the city be restrained from complying with the writ and "That the defendant, Gilbert J. Kraus, Surviving Executor and Trustee, be commanded to deliver and assign to plaintiff the said writ of mandamus

issued out of the Court of Common Pleas No. 1 of Philadelphia County on March 23, 1936 directed to the Treasurer of The City of Philadelphia commanding him, the said Treasurer, to pay a certain judgment secured by said Gilbert J. Kraus, Surviving Executor and Trustee under the Will of Solomon C. Kraus, Deceased, in the principal sum of $6,000 with interest thereon from January 20, 1936 and costs, secured in said proceedings entitled In re Change of Grade of South side of Market Street from 30th Street to 31st Street as of June Term, 1933, No. 7673."

The learned chancellor correctly stated the general rule as follows: "It is a well recognized rule that the owner of land at the time property is taken for public use is the person entitled to the damages awarded for such taking, and that where the land is subject to the lien of a mortgage, the court having jurisdiction of the subject, will guard the rights of the lien creditor. This is on the theory that the land is converted into money to the extent to which damages are allowed. The damages become a substitute for the thing taken, and the mortgage is a charge against the fund. While the award is in the name of the owner, he becomes a trustee for the mortgage creditor, and until there has been an actual payment of the damages assessed to the owner by the municipality, the mortgage creditor has standing to intervene and claim the fund to the extent necessary to satisfy his lien: [citing cases]."

The bill gave no intimation that plaintiff had foreclosed its mortgage; there is an averment[1] of depreciation of the security in the amount of the judgment

---

[1] "Plaintiff avers that by reason of said damages and injury occasioned by The City of Philadelphia to said mortgaged premises as aforesaid, the security of plaintiff's mortgage was depreciated at least to the extent of said award as confirmed absolutely and plaintiff is advised by counsel, believes and therefore avers that by reason thereof, plaintiff was entitled to receive the damages arising therefrom to be applied on account of said mortgage indebtedness."

subsequently rendered in the change of grade proceeding.

At the trial plaintiff's proof consisted of reading in evidence admissions in the pleadings; no proof that the mortgaged property was damaged as averred was offered. Plaintiff's theory was, as we understand it, that by showing it held a mortgage when the grade was changed, it became entitled to receive the amount payable by the city. As the answer had alleged plaintiff's foreclosure in 1934 (an averment admitted in plaintiff's replication) defendants made the point, when plaintiff closed its case, that plaintiff was no longer a lien holder and had offered no evidence of loss or damage to justify a decree in its favor.[2] Defendants accordingly moved that the bill be dismissed: equity rule 66. The motion was granted. Exceptions were then filed which, after hearing by the court in banc, were also dismissed and the decree complained of was made. In the course of the opinions filed by the learned court below and in the argument of the appellant and in its statement of the first question involved, plaintiff's foreclosure in 1934 is treated as a fact in the case; we have therefore so considered it.

Plaintiff now contends that its purchase at a nominal bid requires a finding of loss in the present suit in the amount of the judgment rendered in the change of grade proceeding. In support of this, various cases decided in this state are relied on; in none was the point so decided.

Our decisions may be said to fall into three classes: (1) those in which the lienholder intervenes and re-

---

[2] The chancellor said: "The plaintiff carefully avoided any attempt to show that at the time it made its claim it bore the relation of mortgagee to the property. While plaintiff refused to offer any evidence on the subject, it was discussed in argument before the court and the pleadings in this case especially referring to plaintiff's replication show that at the time plaintiff made its claim it had sued out its mortgage; had bought in the property. . . ."

ceives all the land damages on the theory that with two securities he may pursue either or both until his debt is paid;[3] (2) those in which the creditor takes the property in foreclosure and then intervenes and in the course of the distribution shows that the security was impaired by the condemnation proceeding, in which case he is made whole if the damages are sufficient for that purpose;[4] and (3) those like the present case in which, after the lien is discharged, he sues but fails to show the actual loss resulting by the depreciation.[5]

If, before foreclosure, the plaintiff had intervened in the land damage proceeding it would have been entitled to receive the amount awarded (though not more than the debt secured) regardless of whether the mortgaged land was then worth more or less than the debt, and the landowner would have suffered no injury of which he could complain, because the amount so received by his creditor would have been credited on his general obligation; but the plaintiff, by foreclosing and taking the property, brought before the court a different relationship to be considered. If the mortgaged property was damaged by the change of grade so that it was worth less than the debt secured, plaintiff still had a claim against the landowner enforceable in equity against the land damages awarded but unpaid and a bill to construct a trust would be an appropriate remedy. But before equity will decree that the writ of execution be held by Kraus in trust for the benefit of the plaintiff, the

---

[3] See *Reese v. Addams,* 16 S. & R. 40; *Phila. & Reading R. R. v. Penna., etc., R. R. Co.,* 151 Pa. 569, 25 A. 177; *Sarapin v. Phila.,* 306 Pa. 388, 159 A. 866; *Woods Run Avenue,* 43 Pa. Superior Ct. 475. Compare the ground rent cases: *Workman v. Mifflin,* 30 Pa. 362, 371; *Powell v. Whitaker,* 88 Pa. 445.

[4] *Dollar Savings, etc., Co. v. Bellevue Borough,* 230 Pa. 240, 79 A. 496; *Willock v. Beaver Valley R. R.,* 60 Pa. Superior Ct. 589; *Keller's Appeal,* 2 Walker 32; *Brenner's Appeal,* 2 Walker 92.

[5] *Irons v. Pittsburgh,* 64 Pa. Superior Ct. 126; see also *Knoll v. N. Y., etc., Ry. Co.,* 121 Pa. 467, 15 A. 571.

plaintiff must show an equitable right to support the decree; this is not shown by mere proof that the land was purchased by the mortgagee at a price less than the mortgage. Coming into court with no mortgage lien, and after having taken the property, the plaintiff must do equity by showing and allowing credit for the value of what has been received; plaintiff must satisfy the chancellor that it has sustained a loss to be compensated by the trust sought to be established. The burden of proof was on plaintiff. As there is no evidence that the value of the land acquired was less than the debt, the bill was properly dismissed: *Irons v. Pittsburgh,* 64 Pa. Superior Ct. 126; cf. *Knoll v. N. Y., etc., Ry. Co.,* 121 Pa. 467, 15 A. 571. This is not an action at law to recover the balance due on a judgment held by plaintiff against defendant in which (except as changed by statute) the balance due is the difference between the judgment and the amount realized at the sale as in *Lomison v. Faust,* 145 Pa. 8, 23 A. 377, and cases following it.

Decree affirmed; costs to be paid by appellant.