**UNITED STATES v. 247 ACRES OF LAND, MORE OR LESS, CITY OF PITTSBURGH, PENNSYLVANIA et al.**

Civ. No. 7423.

United States District Court,
W. D. Pennsylvania.

April 30, 1952.

Thomas E. Shannon, Sp. Asst. to U. S. Atty., Pittsburgh, Pa., for United States.

Zelig Breakstone, Henry A. Bergstrom (of Weller, Wicks & Wallace), and J. Frank McKenna, Jr., Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

The matter before this Court is a petition for rule to show cause why funds of the Government awarded for condemnation of certain parcels of land should be paid to the City of Pittsburgh as legal title holder to said parcels.

The facts, which have a bearing before the Court, have been stipulated as follows:

The United States of America condemned certain land in the Twelfth Ward of the City of Pittsburgh, fully described in the condemnation proceedings, The parcels involved in this Rule to Show Cause are:

AA, AB, AC, AD, R, AF, M, Q and Y

The Petition in Condemnation was filed by the United States of America on October 1, 1948, and the Declaration of Taking is dated September 20, 1948, and was filed October 1, 1948. Judgment on the Declaration was filed in Federal Court on October 8, 1948 and was recorded in the office of the Recorder of Deeds for Allegheny County, Pennsylvania, on November 5, 1948. The City of Pittsburgh was named as one of the defendants in the proceedings.

Amendments to the Petition in Condemnation, Declaration of Taking and Judgment on the Declaration were filed on March 11, 1949. The City of Pittsburgh, County of Allegheny and School District of Pittsburgh were named in said Amend-

ments. The City of Pittsburgh was duly served and entered its appearance in the case on November 26, 1948. Copies of the Amendments above listed were served upon the City of Pittsburgh.

The parcels of property above listed were sold by the City Treasurer of the City of Pittsburgh to the City on June 5, 1948, pursuant to the provisions of the Act of March 30, 1903, P.L. 106, as amended by the Act of July 5, 1947, P.L. 1258, 53 Pa.P.S. § 10201.1 et seq. Return of Sale was made to the Court of Common Pleas of Allegheny County, Pennsylvania, on September 14, 1948, at No. 2540 October Term, 1948. The sale was confirmed nisi on said date and was confirmed absolutely on September 28, 1948. The Treasurer's deed to the City is of record in the office of the Prothonotary for Allegheny County, Pennsylvania, in Treasurer's Deed Book Volume 5, page 200. The deed is dated December 30, 1948, acknowledged February 28, 1949, and was recorded on February 28, 1949. The same was duly delivered to the City.

Under Section 3 of the aforesaid Act of 1947, a property owner whose land is sold under this statute may redeem the same at any time within one year from the date of said sale by payment to the City Treasurer of the full amount of all taxes due plus penalty, interest and costs.

None of the assessed record owners involved in this proceeding redeemed their land by complying wtih Section 3 of the Act of 1947 and the sale of the several parcels to the City of Pittsburgh became absolute on June 5, 1949. Under Section 10 of the Act the City holds the land as trustee for the City, the School District of Pittsburgh and the County of Allegheny, in proportion to the claims for taxes of the three taxing bodies against the land.

In the condemnation proceedings the Board of Viewers duly appointed by this Court fixed the values of the parcels of land involved herein as follows:

Parcel AA ..............$ 400.00
Parcel AB ............. 400.00
Parcel AC ..:.......... 350.00
Parcel AD ............. 400.00
Parcel R ............... 350.00
Parcel AF ............. 200.00
Parcel M ............... 1300.00
Parcel Q ............... 350.00
Parcel Y ............... 300.00

In making the awards the Viewers found that the record owners of the aforesaid parcels were the former owners thereof and not the City of Pittsburgh.

The City did not file exceptions to the Viewers' awards or appeal therefrom within thirty days from the filing of the Viewers' Report.

It is the position of the City that it is entitled to the amounts of the awards made for the properties listed herein since it was the owner of the same at the time of the taking by the Federal Government. It is also the position of the City that since no moneys have been paid out on the awards no injustice will be done to respondents by correcting the error which is patent in the proceedings. It is also the position of the City that it is excused from the provisions of the law with regards to time of appeal by reason of the fact that while it was regularly served with formal notices, it had no knowledge or means of knowledge that awards covering said parcels were made to former owners rather than to the City.

Under Section 1 of the Act of 1941, July 28, P.L. 535, 72 Pa. P.S. § 6105.1, a property owner whose land is sold for taxes may redeem the same so long as the taxing authority holds title to the same. Said Act of 1941, as applied to Allegheny County, was repealed effective September 1, 1949, by the Act of 1949, May 20, P.L. 1593, Section 1.

It is the respondents' position that the City of Pittsburgh does not have absolute title to the parcels in question, but that the respondents still have the right to redeem the same under said Act of 1941 and that said Act of 1949 is unconstitutional in that it deprives the respondents of their property, to wit, their vested right of redemption under said Act of 1941, without due process of law.

It is the respondents' position that since the City had the notice of the condemnation proceedings, the View, the hearing, and the filing of the Viewers' Report, and no evidence was presented by the City to the Board of Viewers, and no exceptions were filed to said report, nor was appeal taken from said award within 30 days of the date of filing the report, the City cannot attack said Viewers' Report by Petition for Rule to Show Cause.

The City of Pittsburgh contends that it acquired absolute title to the parcels in question because of the failure of the respondents to redeem the same within one year after the date of the Treasurer's Sale on June 5, 1948, as provided by the Act of 1947, July 5, P.L. 1258, 53 Pa. P.S. § 10201.1 On the other hand, the respondents contend that the City of Pittsburgh did not acquire and have never acquired absolute title thereto for the reason that under the Act of 1941, July 28, P.L. 535, 72 Pa.P.S. § 6105.1, the taxpayers still have the right to redeem said parcels.

Said Act of 1941 provides that so long as the taxing authority has title that the property owner has the right to redeem the same, whether or not his right of redemption has otherwise expired.

On September 1, 1941, the Act of 1941 was repealed by the Act of 1949, P.L. 1593, 72 Pa. P.S. § 6105.1.

Respondents contend that the repealing Act of 1949 is unconstitutional in that it deprives the respondents of their property, to wit, their vested right of redemption under the Act of 1941, without due process of law and, therefore, the City's rights to the condemnation funds are subject to the respondents' right of redemption under the Act of 1941.

■ I am inclined to agree with respondents that said repealing Act is unconstitutional.

■ A statute which takes away, reduces the time for, or otherwise impairs a right of redemption which is already vested is unconstitutional. 16 C.J.S., Constitutional Law, § 236.

■ But even assuming the invalidity of the repealing Act, and the continuing operation of the Act of 1941, authorizing the taxpayer to redeem property acquired by the City pursuant to a Treasurer's Sale so long as the City retains title, it is my view that such title departs from the City upon the effectuation of the declaration of taking, and the right of redemption thereupon ceases.

■ In condemnation proceeding by the United States, title to property vests in the United States on the date of the filing of declaration of taking and depositing with Clerk of Courts the estimated just compensation. 40 U.S.C.A. § 258a et seq.; U. S. v. 243.22 Acres of Land Situate in Village of Farmingdale, etc., D.C., 41 F. Supp. 469, affirmed 2 Cir., 129 F.2d 678.

In making their awards, the Viewers relied on a report submitted by a local title company. This failed to disclose that the City was the true owner of the properties involved. This is understandable because the Treasurer's deed referred to herein was recorded in the Office of the Prothonotary of Allegheny County but not in the Office of the Recorder of Deeds.

While it is true that the City of Pittsburgh had notice of the filing of the Viewers' Report, it did not have specific notice of the fact that the award on the parcels herein involved was being made to the former owners rather than to the City.

■ The law is well established that the owner of the land at the time of condemnation is the person entitled to resulting damages. Smith v. Commonwealth, 351 Pa. 68, 40 A.2d 383; Kaufmann v. Pittsburgh, 248 Pa. 41, 93 A. 779.

It is not disputed that the City, by reason of the failure of the taxpayers to redeem within the statutory period, held legal title at the time of condemnation.

■ The limiting element to this Court's intervention to rectify the award lies in the failure of the City to file exceptions to the Report of Viewers within thirty days, as required under the Pennsylvania statute. 53 Pa. P.S. § 407. This Court, in condemnation proceedings, must necessarily

942

be guided by the practice and proceedings existing at the time in like causes in the courts of the State in which the condemnation was effected. Fed.Rules Civ.Proc. rule 71A, 28 U.S.C.

■ Nevertheless, the Pennsylvania statute which requires the court to confirm the report of the Board of Viewers at the expiration of thirty days after the filing thereof, if no exceptions have been entered, cannot be used as an instrument to perpetrate a fraud or give effect to an error. There is no principal in law which requires any court to ratify a mistake or confirm the payment of money to one who has no legal right thereto.

■ Even though a court in the exercise of its equitable discretion will not generally take jurisdiction to try title to real property, where the right is clear and there is no serious dispute as to any of the material facts, the court will assume jurisdiction. Hunter v. McKlveen, 353 Pa. 357, 45 A.2d 222.

The law cannot be so rigid in its application as to prevent the administration of justice.

■ An award may be set aside for errors or irregularities materially affecting the rights of the parties where substantial justice has not been done and good cause shown. 29 C.J.S., Eminent Domain, § 307 (b). An award may be set aside where grave error of fact exists. Miller v. United States, D.C., 54 F.Supp. 162.

■ Since the City has no cause of action against the local title company which conducted the search, as the search was conducted in behalf of the Government, and no privity of contract existed between the City and the title company, the City has no remedy at law and must appeal to the equitable discretion of this Court.

■ In the exercise of my trust, to prevent the perpetration of a fraud and the affirmation of a distribution which necessarily must rest upon perjured, or at least, erroneous testimony, it is my judgment that the relief prayed for should be granted.

An appropriate Order is entered.